**Donald L. POWARS and Darleen R. Powars, husband and wife, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. 67–620.**

United States District Court
C. D. California.

May 27, 1968.

Surr & Hellyer, San Bernardino, Cal., for plaintiffs, by Thomas H. McPeters, Washington, D. C.

Wm. Matthew Byrne, Jr., U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Div., for defendant, by Richard L. Fishman, Asst. U. S. Atty.

MEMORANDUM OF DECISION

STEPHENS, District Judge.

This is an action brought for refund of federal income tax erroneously collected. Plaintiffs were represented by Surr & Hellyer by Thomas H. McPeters, Esq. and defendant was represented by Wm. Matthew Byrne, Jr., Esq., United States Attorney, Loyal E. Keir, Esq., Assistant United States Attorney, Chief, Tax Division, by Richard L. Fishman, Esq., Assistant United States Attorney.

By stipulation the parties submitted a single question for determination by the court, to wit, are citrus trees "tangible personal property" within the meaning and contemplation of section 179 of the Internal Revenue Code of 1964, as amended.

A recent revenue ruling [Rev.Rul. 67–51; 7 C.C.H.1967 Stand.Fed.Tax Rep. ¶ 6472] provides that trees of fruit orchards or groves do not qualify as tangible personal property within the meaning of section 179. The ruling, however, provided that trees of fruit orchards or groves purchased and held for the production of income qualify as "other tangible property" under section 48(a) (1) (B) of the Internal Revenue Code and section 1.48(d) of the regulations for the purpose of the investment credit allowed by section 38 of the code.

Plaintiffs contend that citrus trees are "tangible personal property" within the meaning of section 179, and that Revenue Ruling 67–51 which expresses a contrary opinion is incorrect. Plaintiffs argue that it was not Congress which placed items that grow, such as orchards, in the category of "other tangible property" but that it was the Internal Revenue Service which made this determination. Rev.Rul. 67–51; Fed.Tax Regs. § 1.48(d) (2).

■ Generally a taxpayer is allowed to deduct each year a reasonable amount for the exhaustion, wear and tear of property used in his trade or business or held for the production of income. Section 167. While this deduction does not apply to land [Regs. § 1.167 (a)–2], it is available for improvements or physical developments apart from or added to the land. Thus, the owner of an orchard would be entitled to a deduction under section 167.

If a taxpayer purchased "section 179 property" he would be entitled not only to the normal rate of deduction provided by section 167, but would be entitled to an additional deduction in the year of purchase equal to 20% of the cost of the "section 179 property." I.R.C. § 179.

When Congress enacted section 179 in 1958, it defined "section 179 property" as meaning "tangible personal property." I.R.C. § 179(d). Since 1958 the Federal Tax Regulations have construed the term "tangible personal property" to include "any tangible property except land, and improvements thereto, such as buildings or other inherently permanent structures thereon (including items which are structural components of such buildings or structures). Assets accessory to the operation of a business such as machinery, printing presses, transportation or office equipment, refrigerators, individual air conditioning units, grocery counters, etc. generally constitute tangible personal property for the purposes of section 179 even though such assets may be termed fixtures under local law."

In 1962 Congress recognized that depreciation alone was not enough to encourage modernization and expansion of the nation's productive facilities and thereby improve the economic potential of the country, with a resultant increase in job opportunities and betterment of our competitive position in the world economy. I.R.C. Section 38 was therefore passed to encourage such expansion by providing an investment credit to be taken directly against income tax liability. The credit generally amounts to 7% of the investment in property described as "section 38 property." The amount a taxpayer may invest in "section 38 property" and therefore the amount of credit available is limited by I.R.C. section 46(c).

The Senate Report on section 38 stated that section 38 property "includes most tangible personal property. It also includes certain real property, other than buildings (or structural components) if the property is used directly in manufacturing, production, transportation, etc." 1962 U.S.Code Cong. & Ad.News p. 3316.

When section 38 was enacted in 1962, "section 38 property" was defined by Congress to mean:

"(A) tangible personal property, or
(B) other tangible property (not including a building and its structural

components) but only if such property * * * (i) is used as an integral part of manufacturing, production * *." I.R.C. § 48(a) (1).

 The Federal Tax Regulations that followed the enactment of sections 38 and 48(a) (1) construed the term "other tangible property" to include orchards [Fed.Tax Regs. § 1.48(d) (2)], and construed the term "tangible personal property" as it had formerly construed the term in Regs. § 1.179–3(b), Regs. § 1.48–1(c), to wit, to exclude land and improvements thereto. Throughout the United States orchards are considered to be real property and a part of the land and not tangible personal property. The acts of Congress are not without regard to such generally accepted concepts of property law. If orchards were to be treated like personal property, an independent provision would be necessary to accomplish this purpose.

Congress clearly sought to make the investment credit of section 38 available on investments in a greater variety of property than the property qualifying for the additional first year depreciation provided by section 179. To this end Congress described two types of property which would qualify for the section 38 investment credit, to wit, "tangible personal property" and "other tangible property."

It must be assumed that Congress in 1962 was aware that the Federal Tax Regulations had, since 1958, construed the section 179 term "tangible personal property" to mean tangible property other than land and improvements thereto, and there is nothing to indicate that Congress intended to change that construction. In effect, Congress acquiesced in or endorsed the construction.

The facts which constitute the basis for this decision are stated in the pretrial order and are admitted by the parties without proof. The court finds the facts to be as therein stated. Revenue Ruling 67–51 is in harmony with con-gressional intent and should be affirmed. The court therefore concludes that plaintiffs are not entitled to the relief which they have demanded and that judgment should be entered in favor of the government and the within action dismissed. This opinion shall serve as Findings of Fact and Conclusions of Law pursuant to Rule 52, F.R.Civ.P.

Counsel for the government will prepare an appropriate judgment.